WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Earlie Calvin Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV 05-3948 PHX ROS (VAM) |
| | ) | |
| Maricopa County Sheriff's | ) | O R D E R |
| Office, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 13, 2006, plaintiff filed a "Motion for Leave to File
Amended Complaint."  (Doc. 17).  However, he did not submit a
proposed amended complaint as required by the Local Rules and his
Motion will be denied.  Civil Local Rule 15.1 (LRCiv 15.1)
provides, in part, as follows:

> (a)  Motions for Leave to Amend
>
>     (1)  Form;  Attachments.  A party who moves for
> leave to amend a pleading must attach a copy of the
> proposed amended pleading as an exhibit to the motion,
> which shall indicate in what respect it differs from the
> pleading which it amends, by bracketing or striking
> through the text to be deleted and underlining the text
> to be added.
>
>     (2)  Lodging of Original Proposed Amendments.  A
> party who moves for leave to amend a pleading, or who
> otherwise seeks to amend a pleading by leave of court
> including by stipulation and order, must lodge with the
> Clerk of Court an original of the proposed amended
> pleading.  The original must not be physically attached
> or made an exhibit to a motion to amend, a stipulation
> to amend, or any other pleading and must contain the
> original signature of the attorney or unrepresented
> party proposing the amendment.  The amended pleading is

not to incorporate by reference any part of the preceding pleading, including exhibits.

On July 13, 2006, plaintiff filed a Motion for Appointment of Counsel.  There is no constitutional right to appointment of counsel in a civil case.  See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981).  Moreover, the only statutory authority creating a basis for appointment is 28 U.S.C. §1915(e)(1), which confers on the court the discretion to appoint counsel to represent an indigent civil litigant.  Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  The Court cannot compel a lawyer to represent an indigent plaintiff.  Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296 (1989).  An appointment of counsel may be requested under 28 U.S.C. §1915(e)(1) only in "exceptional circumstances."  Aldabe, 616 at 1089; Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).

This rule is derived from Weller v. Dickson, 314 F.2d 598, 600 (9th Cir.), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963) which held that "the privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances."  See Wilborn, 789 F.2d at 1328.  Weller was extended, without apparent comment, to "appointment of counsel" in United States v. Madden, 352 F.2d 792, 794 (9th Cir. 1965).  Madden was then cited for the rule in Alexander v. Ramsey, 539 F.2d 25, 26 (9th Cir. 1976); United States v. McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal after remand, 647 F.2d 938, 940 (9th Cir. 1981), cert. denied, 455 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1983); Aldabe, 616 at

1093; and <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984).

A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983), <u>quoted in</u> <u>Richards v. Harper</u>, 864 F.2d 85 (9th Cir. 1988).  Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request for counsel under section 1915(d).  <u>Wilborn</u>, 789 F.2d at 1331.

Here, plaintiff has not demonstrated a likelihood of success on the merits.  In addition, plaintiff has failed to show that any difficulty he is experiencing in attempting to litigate this case is derived from the complexity of the issues involved.  While most actions, such as the instant case, require development of supporting facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts to support the case, this does not equate with showing the complexity of the relevant issues.  <u>Wilborn</u>, 789 F.2d at 1331.

The Ninth Circuit has held that the constitutional right of access to the courts requires that the state provide assistance only through the pleading stage.  <u>Cornett v. Donovan</u>, 51 F.3d 894, 898 (9th Cir. 1995), <u>cert. denied</u>, 518 U.S. 1033, 116 S. Ct. 2580 (1996).  This case is beyond the pleading stage and at the present time does not present "exceptional circumstances" requiring the appointment of counsel.

**IT IS THEREFORE ORDERED** denying without prejudice plaintiff's

1    Motion for Leave to File Amended Complaint.   (Doc. 17).

2         **IT IS FURTHER ORDERED** denying without prejudice plaintiff's

3    Motion for Appointment of Counsel.   (Doc. 16).

4         DATED this 3rd day of August, 2006.

5

6                              _Virginia A. Mathis_
                                                        _____
7                                 Virginia A. Mathis
                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28